UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

| Present: The Honorable | John D. Early | |
|---|---|---|
| Ivette Gomez | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| n/a | | n/a |

**Proceedings: (In Chambers)**   Order to Show Cause Why Case CV 16-07372 BRO (JDE) Should Not Be Dismissed

## I.
## INTRODUCTION

Plaintiff Robert Benyamini ("Plaintiff") seeks leave to file a "Civil Rights Complaint by a Prisoner" ("Complaint") without prepayment of fees against five individual defendants identified as Martin Steed, J. Sozbeck, Mr. Reiner, Mr. Norton and Mr. Fenner (collectively, "Defendants"), all allegedly doctors at Atascadero State Hospital. See Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"); Complaint at 1-2 (all page references to court filings use the ECF pagination). The Complaint is brought under 42 U.S.C. § 1983 and asserts two alleged violations relating to Plaintiff's "medical care" and "threat to safety."

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint: (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000).

Similarly, "[a] district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); see also 28 U.S.C. § 1915(e)(2)(B) (providing that court shall dismiss in forma pauperis case at any time it determines that action "is frivolous or malicious" or "fails to state a claim on which relief may be granted"). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (affirming dismissal of action in part because it was barred by statute of limitations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

For the reasons set forth below, it appears from the face of the Complaint and from matters subject to judicial notice that Plaintiff's claims are barred by the applicable statute of limitations and thus fail to state a claim upon which relief can be granted and are subject to dismissal.

**II.
BACKGROUND**

A. SUMMARY OF ALLEGATIONS

The Complaint alleges that Defendant Martin Steed with "prejudicial, malaciouse [sic] and with sadistic intentions, prescribed psychotropic medications" to which Plaintiff was allergic and which had "almost killed" Plaintiff in the past and which Plaintiff refused to take. Complaint at 3. Plaintiff asserts that Defendant Martin Steed sought an order compelling Plaintiff to take medication, and Defendants Fenner, Sozbeck, "Ranier" and Norton granted the order during a hearing at which Plaintiff pleaded for his life and explained his allergy to the medication. Id. Plaintiff alleges that the individuals who ordered him to take the drug acted with animosity toward him because he is a "Middle Eastern non-Jewish" man with Iraqi roots. Id. Plaintiff alleges he had threatened to sue the same Defendants six years earlier. Id. Plaintiff alleges that he almost died again after being forced to take the medication and it was discontinued when a different doctor determined Plaintiff did not need to take the medication and should not have taken the prescribed dosage. Id. at 3, 6. Plaintiff alleges that after Defendant Steed returned from a vacation, Defendant Steed again put Plaintiff on the same dosage of the same medication. Id. at 6. However, Plaintiff alleges he refused the medication and was given a forced injection of a different medication. Id. Plaintiff alleges that the Defendants acted to try to kill him and/or inflict pain and discomfort, causing mental deterioration, psychological trauma, PTSD and nightmares. Id. Plaintiff seeks unspecified compensatory and punitive damages. Id. at 7. The Complaint does not specify a date or even a year when the alleged events took place.

B. PROCEDURAL HISTORY AND PLAINTIFF'S FILINGS IN THE EASTERN DISTRICT

Plaintiff initially filed the Complaint in the United States District Court for the Eastern District of California ("Eastern District") and it was transferred to this District based on the findings that none of the Defendants lived in the Eastern District and the claims arose in San Luis Obispo County, within the Central District. In the Complaint, Plaintiff asserts he has filed 12 prior lawsuits, and lists three. Id. at 2.

Confirming Plaintiff's description of multiple filings in the Eastern District are published and non-published opinions from the Eastern District in cases which appear to involve Plaintiff. As recently as March 23, 2017, in Benyamini v. Blackburn, 2017 WL 1090165 (E.D. Cal. Mar. 23,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

2007), the court found that Robert Benyamini had initiated 23 prior instances of litigation in the Eastern District, each of which was terminated adversely to Plaintiff. Id. at *2-4. In one of those 23 cases, Benyamini v. Manjuano, E.D. Cal. Case No. 1:06–cv–1096–AWI–GSA ("the Manjuano case"), Docket Entry No. 208 is a filing by Robert Benyamini reflecting a change of address, file-stamped October 15, 2012, which provides (original spelling, emphasis and punctuation):

> My name is Robert Benyamin C.D.C. #v-21777 I have several matters pending within your jurisdiction at this time. Write to inform you that I have rightfully set free after 10 years 4 month's of wrongfully being incarcerated and tortured (respectfully). Fore that reason being any future corresponding by mail should be addressed as follows:
>
> ROBERT BANYAMINI
> 1924 EDGEWOOD LANE
> WALNUTCREEK, C.A. 94589

A copy of this filing, Docket No. 208 in the Manjuano case, is attached hereto as Exhibit A.

In Robert Benyamini v. T. Minton, E.D. Case No. s:13-cv-1632-JAM-DB (the "Minton case"), one of the cases identified by Plaintiff as a case he previously filed (Complaint at 2), the complaint lists Plaintiff's address as 1923 Edgewood Lane, Walnut Creek, CA 94582 as of August 7, 2013, and the docket of that case reflects no notice of change of address filed by Plaintiff through the entry of judgment in the case on August 11, 2016. Plaintiff filed a Notice of Appeal in that case on August 26, 2016, listing his address as "1923 Edgewood Ln., Walnut Creek, CA 94598." Copies of the Complaint (Dkt. 1) and the Notice of Appeal (Dkt. 40) from the Minton case are attached as Exhibits B and C hereto, respectively.

Plaintiff identifies his address on the Complaint and the IFP Application in the instant case as 1923 Edgewood Lane, Walnut Creek, CA 94598 as of September 26, 2016. Thus, it would appear that Plaintiff ceased being in custody since at least October 15, 2012, and has been residing at the same address as that indicated on the Complaint in this action since at least August 7, 2013.

**III.
DISCUSSION**

A.   THE COURT'S SCREENING PROCESS

The Court's screening of complaints is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

states a claim on which relief may be granted, its allegations must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); see also 28 U.S.C. § 1915(e)(2)(B) (providing that court shall dismiss in forma pauperis case at any time it determines that action "is frivolous or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

malicious" or "fails to state a claim on which relief may be granted"); Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (finding that a claim "is frivolous if it is of little weight or importance: having no basis in law or fact"). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (affirming dismissal of action in part because it was barred by the statute of limitations).

B.   JUDICIAL NOTICE

Additionally, in considering whether a complaint states a claim, courts may properly take judicial notice of items under Rule 201 of the Federal Rules of Evidence. See Barron v. Reich, 13 F. 3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), overruled on other grounds by 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may take judicial notice on its own, at any stage of the proceeding, but upon a timely request, a party is entitled to be heard on the propriety of taking judicial notice and of the nature of the fact to be noticed. Fed. R. Evid. 201(c), (d), (e). Plaintiff is hereby given notice that the Court intends to take judicial notice of the Eastern District court filings referenced herein, in particular, Exhibits A, B and C hereto, and Plaintiff may but is not required to respond regarding his position in connection with the propriety of the taking of judicial notice and of the facts to be noticed in his written response, if any, to this Order to Show Cause.

The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). A court can dismiss a complaint based upon statute of limitations grounds "provided the basis for the argument appears on the face of the complaint and any material the court is permitted to take judicial notice of." Hernandez v. Sutter W. Capital, 2010 WL 3385046 (N.D. Cal. Aug. 26, 2010) (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)). A motion to dismiss based on the running of the statute of limitations is appropriate, however, only if the assertions of the complaint, read with the required liberality, and any properly judicially noticed documents, would not permit the plaintiff to prove that the limitations period was tolled. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (citation omitted); Diaz v. Carlson, 5 F. Supp. 2d 809, 815 (C.D. Cal. 1997) ("The Court may grant a motion to dismiss only if it is clear from the face of the complaint and judicially noticed documents that the plaintiff cannot prevail as a matter of law on the equitable tolling issue."), aff'd 142 F.3d 443 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

C. <u>BASED UPON THE FACE OF THE COMPLAINT AND MATERIAL SUBJECT TO JUDICIAL NOTICE, IT APPEARS THAT PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS</u>

From the allegations of the Complaint and the Eastern District court records, it appears that Plaintiff's claims are time-barred by the statute of limitations and no theory of tolling applies to save the claims.

1. <u>The Limitations Period</u>

Statutes of limitation prevent the assertion of stale legal claims by providing for a limited period of time (*i.e.*, the "limitations period") within which claims must be filed. See <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131, 1136 (9th Cir. 2001). In Section 1983 actions, federal courts "borrow" the limitations and tolling rules from the forum state. <u>Hardin v. Straub</u>, 490 U.S. 536 (1989); <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999). In California, the statute of limitations for a personal injury claim is two years (Cal. Civ. Proc. Code § 335.1) and federal courts apply that limitations period for analogous Section 1983 claims allegedly arising in California. <u>Pouncil v. Tilton</u>, 704 F.3d 568, 573 (9th Cir. 2012). Thus, the limitations period for Plaintiff's claims is two years.

2. <u>Accrual</u>

A Section 1983 claim accrues, for the purposes of the starting of the running of the limitations period, when the plaintiff "knows or has reason to know of the injury that is the basis of the action." <u>Balanus v. Clark</u>, 796 F.3d 1021, 1025 (9th Cir. 2015). Here, Plaintiff alleges that he knew of his claims at the time they occurred and complained about them at the time they arose.

3. <u>Statutory Tolling</u>

Once a claim has accrued, the running of the limitations period may be tolled (that is, suspended temporarily) in certain situations. Under California law, whose tolling provisions govern federal Section 1983 actions arising in California, incarceration allows a plaintiff to toll the statute of limitations for up to two years. Cal. Civ. Proc. Code § 352.1. However, any such tolling ends, and the statute of limitations begins to run immediately, after the prisoner's incarceration ends or the two-year maximum tolling period ends, whichever occurs first. See <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 378-79 (9th Cir. 1998).

4. <u>Equitable Tolling</u>

Federal courts also apply California's equitable tolling rules in Section 1983 actions. See <u>Azer v. Connell</u>, 306 F.3d 930, 936 (9th Cir. 2002). In California, equitable tolling is "a judge-made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

doctrine which operates independently of the literal wording of the California Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003) ("[T]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded.") (citations and internal quotation marks omitted; emphasis in original). For equitable tolling to apply, a plaintiff essentially must show (1) "timely notice" of the claim to the defendant; (2) "lack of prejudice[ ] to the defendant"; and (3) "reasonable and good faith conduct on the part of the plaintiff." McDonald v. Antelope Valley Comm. College Dist. 45 Cal. 4th 88, 102 (2008); see also Fink v. Shedler, 192 F.3d 911, 916 (9th Cir 1999) (same); Daviton, 241 F.3d at 1136-39 (explaining Ninth Circuit application of California's doctrine of equitable tolling). The party asserting equitable tolling has the burden to show that the doctrine applies. See In re Marriage of Zimmerman, 183 Cal. App. 4th 900, 912 (2010); see also In re Reno, 55 Cal. 4th 428, 511 (2012), as modified on denial of reh'g, ("in a typical civil matter, 'when a complaint shows on its face … that a pleaded cause of action is apparently barred by the statute of limitations, plaintiff must plead facts which show an excuse, tolling, or other basis for avoiding the statutory bar'") (citations omitted); Kleinhammer v. City of Paso Robles, 385 Fed. Appx. 642, 643 (9th Cir. 2010) (holding that a Section 1983 plaintiff has the "burden to plead facts which would give rise to equitable tolling"). Indeed, where the time-bar appears "on the face of the complaint," the party seeking equitable tolling "has an obligation to anticipate the defense and plead facts to negative the bar." Union Carbide Corp. v. Superior Court, 36 Cal. 3d 15, 25 (1984); Reyes v. Healthcare Services Group, Inc., 2015 WL 6551870 *5 (C.D. Cal. Oct. 26, 2015) (where action appears barred by statute of limitations on face of complaint, plaintiff has obligation "to anticipate the defense and plead facts to negative the bar") (internal quotation marks and citation omitted).

5. Analysis

Here, it appears that Plaintiff's Complaint is subject to dismissal because a review of the Complaint and properly judicially-noticed documents shows that the claims are time-barred.

First, although the Complaint does not set forth a date for the alleged wrongful acts, the Complaint is prepared on a form entitled "Civil Rights Complaint by a Prisoner" and alleges that the acts took place at Atascadero State Hospital. Thus, it appears that Plaintiff alleges that the claims accrued while Plaintiff was in state custody.

Plaintiff's change of address filing in the Manjuano case in the Eastern District (Exhibit A hereto), shows Plaintiff was released from state custody at least as early as October 15, 2012 and referenced Edgewood Lane in Walnut Creek, CA as his residence – the same street at which he identified as his residence in the operative Complaint in this case. Further, the complaint and notice of appeal in the Eastern District Minton case confirm that Plaintiff's address remained 1923 Edgewood Lane, Walnut Creek, CA from at least August 7, 2013 (Exhibit B hereto) to August 25,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

2016 (Exhibit C hereto). Less than a month after filing the notice of appeal in the Minton case, on September 26, 2016, Plaintiff filed the Complaint in this case, listing the same address – 1923 Edgewood Lane, Walnut Creek, CA.

Thus, based upon the complaint and the judicially-notice court records, Plaintiff's claims had to accrue prior to October 15, 2012, the date of his release from state custody. The Eastern District court records appear to demonstrate that: (1) Plaintiff remained out of state custody for the entirety of the time between his October 15, 2012 release to the filing of the Complaint on September 26, 2016; and (2) Plaintiff's address was 1923 Edgewood Lane, Walnut Creek from at least August 7, 2013 to September 26, 2016. The claims therefore accrued at the latest on October 15, 2012, meaning, absent tolling, the two-year limitations period ended on or before October 15, 2014.

Second, no basis for tolling appears on the fact of the Complaint. The Eastern District court records appear to preclude any argument for statutory tolling under Cal. Code Civ. Proc. 335.1, as it does not appear Plaintiff was incarcerated during the period from October 12, 2012 to September 26, 2016. Nor does any basis for equitable tolling appear on the face of the Complaint, reviewed liberally. Thus, it appears that the Complaint was filed outside the applicable limitations period, without any theory of tolling, rendering it subject to dismissal.

**IV.
ORDER**

Accordingly, based upon the foregoing, it appears that Plaintiff's claims in the Complaint are barred by the applicable statute of limitations. It also appears, for the reasons set forth above, that no further amendment of the Complaint could cure its defects.

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed with prejudice by filing a written response by **no later than May 2, 2017** which sets forth: (1) any valid legal and/or factual reasons why the statute of limitations does not bar Plaintiff's claims; and (2) if Plaintiff asserts he could allege facts that would support a viable claim not subject to dismissal, Plaintiff is ordered to prepare and lodge a proposed First Amended Complaint setting forth those additional facts. If Plaintiff lodges a proposed First Amended Complaint, Plaintiff is encouraged to use the Central District Civil Rights Complaint Form (CV-66).

Instead of filing a written response to the matters addressed in this Order, Plaintiff may voluntarily dismiss the action by filing a Notice of Dismissal form pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Clerk is directed to provide Plaintiff with a blank Notice of Dismissal Form (CV-09) and a blank Central District Civil Rights Complaint Form (CV-66).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07372-BRO (JDE) | Date | March 31, 2017 |
|---|---|---|---|
| Title | Robert Benyamini v. Martin Stead, et al., | | |

**The Court warns Petitioner that failure to timely file a response to this Order may result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with Court orders.** <u>See</u> Fed. R. Civ. P. 41(b)

                                                                                                                                              :   

Initials of Preparer     ig

# Exhibit A

DEAR CLERK, 10 October 2012

Case# 1:d01096-GSA

My name is Robert Benyamin C.D.C. #v-21777 I have several matters pending within your jurisdiction at this time. Write to inform you that I have rightfully set free after <u>10 years 4month's</u> of wrongfully being incarcerated and tortured (respectfully). Fore that reason being any future corresponding by mail should be addressed as follows:

**<u>ROBERT BENYAMINI</u>**

**<u>1924 EDGEWOOD LANE</u>**

**<u>WALNUTCREEK, C.A. 94589</u>**

FILED
OCT 15 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

I also have a current phone number as follows:

**(925)300-3235**

Thank you!

Robert Benyamini

# Exhibit B

**FILED**

AUG 07 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Robert Benyamini
_____
(Name of Plaintiff)

1923 Edgewood Ln.
_____
(Address of Plaintiff)

Walnut Creek, CA. 94598
_____

vs.

Mr. Tuminton
_____

_____
(Names of Defendants)

2:13CV1632 DAD (PC)
_____
(Case Number)

COMPLAINT

I. Previous Lawsuits:

   A. Have you brought any other lawsuits while a prisoner:  ☒ Yes   ☐ No

   B. If your answer to A is yes, how many?: __11__   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

   1. Parties to this previous lawsuit:

      Plaintiff  Robert Benyamini
      _____

      Defendants  S. Vance et all.
      _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983          Rev'd 5/99

3

2. Court (if Federal Court, give name of District; if State Court, give name of County)

Eastern District (Sac)

3. Docket Number 2:13-cv-00910-DaD

4. Name of judge to whom case was assigned D A D

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

6. Approximate date of filing lawsuit May 2013

7. Approximate date of disposition Pending

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution? ☒ Yes ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?    ☒ Yes ☐ No

If your answer is no, explain why not _____

C. Is the grievance process completed? ☒ Yes ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant Mr. T. Minton is employed as Correctional Officer at New Folsom State Prison

B. Additional defendants _____

4

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

The defendant in question mr. T. minton en oversized most sadistic and malicious (hypocrite) of a criminal psychologicly tortured me and physically intentionally breaking and violating constitutional laws as to illegal search and seizure in a malicious manner to cause only harm. Specificly law provides an inmates cell can be searched without probable cause one time a week and it's highly illegal to excessivly search an inmates cell or belongings. as well as minton noing I was a pro se prisoner litigating against his fellow officers, was searching my cell out of retaliation and

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

I would like monetary damages in amount of $100,000, I would like compensation for past and future psychological and physical pain and suffering in the amount of $150,000. Would like punitive damages in way c.o. minton is disciplined and fired as a correctional officer and new program implicated as to how appeals are screened. I would like for every prisoner who his complaining about an officer or claiming he was falsly being punished to be able to take a polygraph exam,

Signed this 2 day of August, 20 13.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

1-2-13                                _____
(Date)                                 (Signature of Plaintiff)

5

# Exhibit C



**FILED**

AUG 25 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

United States District Court for the EASTERN

District of CALIFORNIA

File Number U.S. District Case **No: *2:13-CV-01632-JAM-DB***

**ROBERT BENYAMINI,**

    Plaintiff

        Vs.                       Notice of Appeal

**T. MINTON ET. ALL.,**

    Defendant

Notice is hereby given that ROBERT BENYAMINI, (Plaintiff) in the above named case, hereby appeal to the United States Court of Appeals for the 9TH Circuit (from the final judgment dismissing said case for

failure to locate said defendant, contrary to law and previous ruling's entered in actions). On the 11 day of AUGUST, 2016.

(s) *[signature]*

Attorney for **ROBERT BENAMINI (Pro Per At Large)**

Address: **1923 EDGEWOOD LN. WALNUT CREEK CA. 94598**